## HENSLEY et al. v. BRITTON.

No. 19276. Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 15, 1929.

Frank Petree, for plaintiffs in error.

Guy P. Horton, for defendant in error.

HERR, C. In this case E. B. Britton sued E. L. Hensley, Clyde Chambers, and Herbert Vineyard in the district court of Jackson county to recover the sum of $265, balance alleged to be due him for the construction of a building for defendants, under a written contract entered into between the parties. The defense was accord and satisfaction. The case was tried to a jury resulting in a verdict and judgment thereon in favor of plaintiff. Defendants appeal.

There are several assignments of error by defendants, but counsel for defendants, in his brief, says that he relies for reversal

solely on the seventh assignment; that is, that the verdict and judgment thereon is not sustained by the evidence. The sufficiency of the evidence to sustain the verdict was duly challenged by defendants in the trial court, both by demurrer and motion for a directed verdict.

Under the contract, plaintiff agreed to construct the building for the sum of $13,027 and agreed to have the same completed by October 15, 1925, contract having been entered into August 31, 1925. It appears from the evidence that plaintiff was delayed about 30 days in the completion of the building, and defendants, by reason of such delay, in settling with plaintiff, attempted to withhold $265 from the contract price as damages. Suit is brought to recover this amount so withheld.

It is contended by defendants that, subsequent to the completion of the building, a settlement was had and made by and between the parties, and that plaintiff agreed to allow defendants a credit on the contract price in said amount as damages because of the delay. The defendants all testified that such settlement was had and made between the parties, and, in this respect, they are in a measure corroborated by E. L. Garret, a witness who testified in their behalf. Plaintiff, however, emphatically denies that any such settlement was ever made between them. This conflict in the evidence raised an issue for the determination of the jury. The verdict settled this issue in favor of plaintiff.

The jury were the sole and exclusive judges of the weight of the evidence and the credibility of the witnesses. They had a right to credit plaintiff's evidence and discredit that of defendants. This was a matter exclusively within their province. After considering and weighing the evidence, their finding was in favor of plaintiff. There is ample evidence in the record to sustain this finding, and, under repeated holdings of this court, the same will not be set aside on appeal.

It is further contended by defendants that the evidence is insufficient to support the verdict for the reason that a certain amount was claimed by plaintiff in addition to the contract price for extras; that plaintiff failed to allege in his petition that extra material was furnished, or that extra labor was performed by plaintiff in the construction of the building. It is true that no such allegation appears in the petition, and it is also true, as a general rule, that, in the absence of such allegation, evidence is inadmissible to prove the same. In the instant case, however, defendants admit in their answer that plaintiff furnished extra material and performed extra labor in the construction of the building to the amount of $631.50. Plaintiff was also permitted to testify to this effect without objection. In these circumstances, defendants will not now be heard to complain because of the absence of this allegation from the petition.

It is finally contended that the verdict cannot be sustained for the reason that defendants were not joint owners of the premises upon which the building was constructed and are not joint owners of the building. The building was constructed on lot 16 and the west half of lot 17, in block 38, in the city of Altus. The evidence discloses that defendants Chambers and Vineyard are joint owners of lot 16, and that defendant Hensley, individually, owns the west half of lot 17. There is evidence in the record to the effect that an agreement existed between defendants; that Chambers and Vineyard were jointly to pay for the construction of that portion of the building located on their lot, and that defendant Hensley was, individually, to pay for the construction of that portion thereof located on his lot; and that they should not be held jointly liable.

It is argued that the evidence fails to establish the separate amount due from these parties, individually, and that, under the evidence, a joint verdict against all parties cannot be sustained. A sufficient answer to this contention is that the contract entered into between plaintiff and defendants was a joint contract. Defendants jointly agreed to pay plaintiff the sum of $13,027 for the construction of the building. The separate agreement entered into between defendants, themselves, could in no wise bind plaintiff. Moreover, the question of misjoinder was not raised by defendants. They defended solely on the ground that there was an accord and satisfaction. This was the only issue raised by the pleadings and was the only issue submitted by the trial court to the jury. The evidence offered on behalf of plaintiff, if believed by the jury, was sufficient to authorize the verdict. The record is free from error.

Judgment should be affirmed.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.